UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH G. BUTLER, as Chapter 7 Trustee, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EDWARD T. MOORE, )<br>LAWRENCE W. ROSENFELD, )<br>EASTERN TOWERS, LLC, )<br>EASTERN PROPERTIES, LLC, )<br>HORIZON TOWERS, LLC, )<br>TOWER INVESTORS TRUST, )<br>GLOVER PROPERTY MANAGEMENT, INC., )<br>5G TOWERS, LLC, )<br>and 5G INVESTMENT TRUST, LLC, )<br>)<br>)<br>Defendants. )<br>) | Civil No.<br>10-10207-FDS |

## MEMORANDUM AND ORDER ON MOTION TO BIFURCATE

**SAYLOR, J.**

This is a dispute involving an alleged breach of fiduciary duty arising out of a diversion of corporate assets and usurpation of corporate opportunity. Plaintiff Joseph G. Butler, as trustee for the estate of debtor Eastern Towers, Inc., has brought this action against defendants Edward Moore, Lawrence Rosenfeld, and various business entities with which they are affiliated. Defendants have moved to bifurcate and stay issues of liability and damages until certain threshold factual issues have been resolved.

**I.    Background**

The case comes before this Court after a lengthy procedural history. John Strachan, a

former employee and minority shareholder of Eastern Towers, Inc., brought a state court action against defendants in 2004 asserting that defendants misappropriated corporate assets, usurped corporate opportunities, and wrongfully terminated him and "froze" him out of the business. In 2005, Timberline Construction Corp. separately sued defendants for breach of contract, quantum meruit, and violations of Mass. Gen. Laws ch. 93A.

While those suits were pending, Eastern Towers, Inc., filed for relief under Chapter 7 of the federal bankruptcy code. Following Butler's appointment as trustee, the trustee's claims against defendants were consolidated with the claims of Timberline and Strachan. While the case was pending in the Bankruptcy Court, the parties conducted discovery and filed dispositive motions. On January 21, 2010, the Bankruptcy Court granted defendants' motion to dismiss all claims brought by Strachan and Timberline for lack of subject matter jurisdiction. On February 25, this Court granted Butler's motion to withdraw the reference to the Bankruptcy Court.

On April 20, defendants filed a motion to bifurcate and stay issues of liability and damages until "threshold issues of entity formation, including the validity and enforceability of the [operating agreement] are resolved."

For reasons set forth below, defendants' motion to bifurcate will be denied.

**II.   Discussion**

Pursuant to Fed. R. Civ. P. 42(b), the question of bifurcation is wholly within this Court's discretion. *See Data Gen. Corp. v. Grumman Sys. Support Corp.*, 795 F.Supp. 501, 503 (D. Mass. 1992), *aff'd*, 36 F.3d 1147 (1st Cir. 1994), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237 (2010). Separation is "not to be routinely ordered." *Id.* (citing Advisory Committee Note to the 1966 amendment of Rule 42(b)).

In essence, defendants contend that during a relatively short period of time between February and April 2002, the parties met and negotiated various agreements concerning the creation and ownership of entities, the operation of the business, and the relationships of the various individuals to those entities.  Among other things, defendants contend that an LLC operating agreement executed in April 2002 effectively waived the corporate opportunity doctrine, permitting the individual defendants to pursue other opportunities and engage in competing businesses.  Defendants contend that the various agreements "mean what they say" and that if they prevail in that position, the litigation will be over.  Defendants thus argue that bifurcation will advance judicial economy and efficiency and avoid jury confusion.

After careful consideration of defendants' contentions, the Court will deny the motion.  While it is true that it could ultimately render moot the issues of liability and damages, it appears more likely that bifurcation will lead to inefficiency and impose a substantial burden on the Court and the parties.

Strachan contends, for example, that he was deceived by defendants and misled into executing the LLC operating agreement, and that the parties' subsequent actions provide proof of their deceptive course of conduct.  Among other things, plaintiff points to disputed evidence on the following topics:  whether defendant Edward Moore made misrepresentations, and held himself out as the debtor's attorney; whether Strachan reasonably relied on his advice; and whether Eastern Towers, Inc., and Eastern Towers, LLC were subsequently held out as a single enterprise.  The evidence necessary to prove plaintiff's claims appears to be inextricably intertwined with the evidence concerning the formation of the entities and the validity of the operating agreement.  It is doubtful, at best, whether the latter two issues could be fairly tried

separate from plaintiff's other claims.

Moreover, bifurcation is likely to be highly prejudicial to the plaintiff, as the jury would not have a complete picture of the relevant evidence if the matter is bifurcated as proposed by defendants.  The corresponding prejudice to defendants if bifurcation is denied is likely to be relatively minimal, and consists principally of the possibility of being required to participate in a longer-than-necessary trial.  Under the circumstances, the motion to bifurcate will be denied.

## III.    Conclusion

For the foregoing reasons, defendants' motion to bifurcate issues of entity formation and ownership from liability and damages is DENIED.

**So Ordered.**

|  |  |
|---|---|
| Dated: November 8, 2010 | /s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge |