## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
**JOSEPH G. BUTLER, as Chapter 7 Trustee,**  )
**and JOHN W. STRACHAN,**  )
)
    **Plaintiffs,**  )
)      **Civil Action No.**
    **v.**  )      **10-10207-FDS**
)
**EDWARD T. MOORE,**  )
**LAWRENCE W. ROSENFELD,**  )
**EASTERN TOWERS, LLC,**  )
**EASTERN PROPERTIES, LLC,**  )
**HORIZON TOWERS, LLC,**  )
**TOWER INVESTORS TRUST,**  )
**GLOVER PROPERTY MANAGEMENT, INC.,**  )
**5G TOWERS, LLC,**  )
**5G INVESTMENT TRUST, LLC,**  )
**TOWER ACQUISITIONS, INC.,**  )
**TOWER ACQUISITIONS, LLC,**  )
**TOWER ACQUISITION TRUST,**  )
**GROUND LEASE ACQUISITIONS, INC.,**  )
**GROUND LEASE ACQUISITIONS, LLC,**  )
**GROUND LEASE ACQUISITION TRUST, and**  )
**MIDWEST TOWERS INVESTMENT, LLC,**  )
)
    **Defendants.**  )
_____)

## MEMORANDUM AND ORDER ON
## DEFENDANTS' MOTION FOR RECONSIDERATION

**SAYLOR, J.**


      Defendants have moved for reconsideration of "so much of this Court's Order of March

30, 2017, as awarded remedies to Plaintiffs relating to an investment made in 4G Towers, LLC."

(Def. Mot. For Reconsideration at 1).  In substance, defendants contend that the Court's

memorandum and order on partial summary judgment, issued March 30, 2017, improperly made

a finding of liability for breach of fiduciary duties in connection with their acquisition of an equity interest in 4G Towers, LLC, and likewise improperly found that the investment in 4G Towers (or the proceeds of that investment) was an asset subject to disgorgement.

After briefing and argument, and upon careful reconsideration, the Court has concluded that defendants are correct. Plaintiffs introduced evidence at the liability phase of the trial of multiple entities that were created, funded, and operated by defendants Moore and Rosenfeld in violation of their fiduciary duties. But 4G Towers, LLC was not one of those entities, and no evidence was submitted at the liability phase of the trial as to it. It appears to be undisputed that 4G Towers is in the cell-tower business; that Moore and Rosenfeld made an investment in the company; that the investment was made through 5G Investment Trust; and that it was made, at least in part, using funds transferred or derived from Eastern Properties. Nonetheless, it was erroneous under the circumstances for the Court to conclude that the investment itself was a violation of fiduciary duty, when no evidence as to that issue was presented in the liability phase of the trial. Instead, that investment should be treated as if it were any other investment made by Moore and Rosenfeld, such as one made in real estate or in publicly traded common stock, in whole or in part with the proceeds of their wrongful conduct. The investment in 4G Towers (or, more accurately, because it has been sold, the proceeds of that investment) is an asset that may be reached by plaintiffs in satisfaction of the judgment, should defendants be unwilling or unable to pay that judgment; it is not, however, an asset that was wrongly procured in violation of a breach of fiduciary duty.[1]

The Court therefore committed plain error when it concluded in its memorandum and

_____

[1] While the Court's finding that the investment itself was a violation of a breach of fiduciary duty was erroneous, the Court likewise makes no finding to the opposite effect: it is *not* ruling that the investment was *not* a breach of fiduciary duty.

order of March 30, 2017, that "the purchase of an interest by 5G Investment in 4G Towers . . . represented a corporate opportunity belonging to Eastern Towers." (March 30, 2017 Mem. and Order at 27). It was likewise plain error for the Court to conclude that "[t]o the extent that defendants may have received proceeds, revenues, or distributions from 4G Towers[,] those distributions must be disgorged . . . subject to any qualifying offsets." (*Id.* at 27-28).

Accordingly, and for the foregoing reasons, Defendants' Motion for Reconsideration of Partial Summary Judgment as to 4G Towers, LLC is GRANTED. Parts III(C) and IV(D) of the Memorandum and Order on Cross-Motions for Summary Judgment as to Remedy dated March 30, 2017, are hereby VACATED.

**So Ordered.**


                                                    /s/ F. Dennis Saylor IV
                                                    F. Dennis Saylor IV
Dated: May 25, 2017                                 United States District Judge